UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SPIN MASTER LTD. and SPIN MASTER, INC.,

                Plaintiffs,

   - against -

ALISY, et al.,

                Defendants.

**ORDER**

18 Civ. 543 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        In this action, Plaintiffs – toy sellers – assert claims for trademark and copyright infringement against a number of foreign-based entities. The remaining seventy-three Defendants have not appeared, and on June 12, 2020, Plaintiffs moved for a default judgment against those Defendants (the "Defaulting Defendants"). (Dkt. Nos. 52-55)

        At a November 19, 2020 hearing concerning Plaintiffs' application, the Court expressed concern that Plaintiffs had not pleaded facts sufficient to demonstrate that this Court has in personam jurisdiction over the Defaulting Defendants. In particular, the Complaint does not plead facts demonstrating that the Defendants have sold infringing toys to New York consumers. The Court directed Plaintiffs to submit supplemental briefing demonstrating that the exercise of personal jurisdiction is appropriate, and adjourned the hearing concerning Plaintiffs' application to December 17, 2020. (Dkt. No. 62)

        In a December 10, 2020 letter, Plaintiffs state that third-party service providers have refused to provide sales history concerning the Defaulting Defendants, and that accordingly they cannot supplement their application with additional factual allegations. (Dkt. No. 64) Plaintiffs have previously stated that they are unwilling to purchase counterfeit products because

of the cost and delay in shipping the products from China, where the Defaulting Defendants are located. (Pltf. Br. (Dkt. No. 12) at 25-26) The purchase of infringing products over the internet is, of course, a common technique used by companies who hold trademarks or copyrights and who allege infringement by foreign competitors. See, e.g., Spin Master Ltd. v. 158, 463 F. Supp. 3d 348, 363-64 (S.D.N.Y. 2020) (plaintiffs purchased counterfeit products from defendants); see also Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 170 (2d Cir. 2010) (plaintiff purchased counterfeit product from Illinois-based defendant); Rovio Entm't, Ltd. v. Allstar Vending, Inc., 97 F. Supp. 3d 536, 542 (S.D.N.Y. 2015) (plaintiff's investigator purchased counterfeit product from California-based defendant);. In any event, Plaintiffs ask this Court to adjourn the December 17, 2020 hearing sine die. (Dkt. No. 64)

The December 17, 2020 hearing is adjourned to **January 14, 2021 at 9:45 a.m.** Plaintiffs should be aware, however, that this case has been pending for nearly three years and cannot remain indefinitely on the Court's docket. Accordingly, by January 12, 2021, Plaintiffs will submit a letter stating how they propose to proceed with their action.

The January 14, 2021 conference will be conducted telephonically. The parties are directed to dial 888-363-4749 to participate, and to enter the access code 6212642. The press and public may obtain access to the telephone conference by dialing the same number and using the same access code. The parties should call in at the scheduled time and wait on the line for their case to be called. At that time, the Court will un-mute the parties' lines. Two days before the conference, the parties must email Michael_Ruocco@nysd.uscourts.gov and GardepheNYSDChambers@nysd.uscourts.gov with the phone numbers that the parties will be using to dial into the conference so that the Court knows which numbers to un-mute. The email

should include the case name and case number in the subject line.

Dated: New York, New York
December 16, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge